## CIRCUIT COURT OF FAIRFAX COUNTY

Lanham Ford, Inc.

v.

Fairfax County

April 18, 1994

Case No. (Law) 125891

By Judge F. Bruce Bach

This matter is before the Court on the defendant Fairfax County's plea in bar heard March 11, 1994. The County asserts that the appeals procedure enacted subsequent to the date of contracting is controlling and that Lanham's request for an administrative appeal was not timely filed. Upon consideration of counsel's oral and written arguments the Court sustains the plea in bar in part, dismisses Count 1, the declaratory judgment action, and instructs counsel to set the matter for an evidentiary hearing to determine the timeliness of Lanham's appeal.

The parties contract of January 30, 1990, provides in pertinent part:

> The decision of the County Purchasing Agent shall be final and conclusive unless the contractor appeals within ten (10) days of receipt of the written decision by invoking the County's Administrative Appeals Procedures.

Assuming that Lanham's appeal was timely filed in December 1992, the Administrative Appeals Procedures were still in effect. The County Executive appointed an employee designee to hear the appeal. In April 1993, during the pendency of Lanham's appeal, the Supreme Court determined such appointments to be in violation of Va. Code § 11–71. *Schlosser Co., Inc. v. Board of Supervisors of Fairfax County*, 245 Va. 451 (1993) (an employee is not a disinterested party as required by

statute). In response the County suspended all administrative appeals proceedings pending revision of the appeals procedure. The County informed Lanham in August 1993 that it had eliminated the Administrative Appeals Procedures and adopted the alternative appeals procedure outlined in Va. Code §§ 11–69, 11–70. Under the new ordinance an aggrieved party brings suit directly in the Circuit Court. The Administrative Appeals Procedure was eliminated.

Lanham's assertion of a contractual right to an administrative appeal and its claim that application of the new appeals procedure to the instant contract violates Article I, § 11, of the Virginia Constitution is unfounded. While the substantive law in affect at the time of contracting controls the contract terms, a party cannot through contract attain a vested right in a particular remedy or procedure. *Stancil v. United States*, 200 F. Supp. 36, 45 (E.D. Va. 1961). The change in the County ordinance affects only the method of appeal and not the right to appeal which is granted by statute. Va. Code § 11–70. All the parties' contractual obligations remain intact. The *Homestead* line of cases cited by Lanham are distinguishable in that they concerned a post-contract statutory change which negatively affected the value of the contract. *The Homestead Cases*, 63 Va. (22 Gratt.) 266 (1872). A change in appellate procedure is simply not analogous to the creation of a statutory exemption which reduces the agreement's monetary value. Lanham remains entitled to the County's full performance as promised or to be compensated for its breach. Accordingly, the declaratory judgment action, Count 1, is dismissed.

The County's further assertion that Lanham's appeal was not timely filed goes to the Court's jurisdiction over the breach of contract claim, Count 2. This issue requires several factual determinations; therefore, counsel are instructed to set the matter for an evidentiary hearing before the Circuit Court.